NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALVADOR ANTONIO VILLANUEVA-MARTINEZ, AKA Martinez Salvador, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 20-72410 Agency No. A206-784-667 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022**

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Salvador Antonio Villanueva-Martinez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determinations that Villanueva-Martinez failed to file his asylum application within the one-year time limit and did not establish changed or extraordinary circumstances sufficient to excuse the untimely filing. *See* 8 U.S.C. § 1158(a)(2)(B), (D); 8 C.F.R. § 1208.4(a)(4)-(5); *see also Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007). Thus, Villanueva-Martinez's asylum claim fails.

As to withholding of removal, substantial evidence supports the agency's determination that the harm Villanueva-Martinez experienced did not rise to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028-29 (9th Cir. 2019) (concluding that the record did not compel a finding of harm rising to the level of persecution where perpetrators took no violent actions against the petitioner or his family beyond threats). Substantial evidence also supports the agency's determination that Villanueva-Martinez did not establish nexus between the harm he fears and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (stating that an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, his withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Villanueva-Martinez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief).

We reject as unsupported by the record Villanueva-Martinez's contentions that the agency erred or violated due process in analyzing his claims.

Villanueva-Martinez's challenge to the agency's jurisdiction is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (rejecting contention that lack of hearing information in notice to appear deprived immigration court of jurisdiction). His request for a stay of appellate proceedings, included in his opening brief, is denied as moot.

All pending motions are denied.

The temporary stay of removal remains in place until the issuance of the mandate.

**PETITION FOR REVIEW DENIED.**